UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, NATIONAL APPRENTICESHIP TRAINING FUND, TWIN CITY CARPENTERS VACATION FUND TRUSTS,**

Civil No. 00-1180 DSD/JMM

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

**METAL ROOF SYSTEMS, INC. and JERRY JORGENSON, individually,**

Defendants.

---

This matter was heard before the undersigned on the 5th day of January, 2001. Jacqueline Beaulieu of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on May 10, 2000.

2. Plaintiffs filed an Amended Complaint in this matter on September 7, 2000.

3. Defendants Metal Roof Systems, Inc. and Jerry Jorgenson were personally served with the Amended Complaint on October 7, 2000.

4. Defendants have failed to file and serve a response or Answer to the

53366

FILED 2-2-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 2-2-01
DEPUTY CLERK

Summons and Complaint.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

6. Defendants accepted and agreed to be bound by a Collective Bargaining Agreement (CBA) with the Lakes and Plains Regional Council of Carpenters and Joiners. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions in accordance with the agreement.

7. Plaintiff Funds performed two audits of Defendant's records to determine compliance with the collective bargaining agreement, one for the period June, 1997 through December, 1998 and January, 1999 through November, 1999.

8. Plaintiffs found $21,456.55 owing for fringe benefit contributions pursuant to the audit of Defendant's records for the period June, 1997 through December, 1998.

9. Plaintiffs found $4,563.62 owing for fringe benefit contributions pursuant to the audit of Defendant's records for the period January, 1999 through November, 1999.

10. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

11. Defendants owe $ 2,145.66 in liquidated damages pursuant to the audit of Defendant's records for the period June, 1997 through December, 1998.

12. Defendants owe $ 456.36 in liquidated damages pursuant to the audit of Defendant's records for the period January, 1999 through November, 1999.

16. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

17. Plaintiff's reasonable attorney's fees and costs of this action are $1,433.75.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants owe $23,602.21 for amounts found to be due pursuant to the audit of Defendant's records for the period June 1997 through December, 1998 for fringe benefit contributions and liquidated damages.

3. Defendant owes $5, 019.98 for amounts found to be due pursuant to the audit of Defendant's records for the period January 1999 through November, 1999 for fringe benefit contributions and liquidated damages.

4. Defendants owe additional amounts of $1,575.50 for attorneys' fees and costs.

5. Defendant owes Plaintiffs a total of $30,197.69.

## ORDER

**IT IS ORDERED: THAT JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANTS METAL ROOF SYSTEMS, INC. AND JERRY JORGENSON AS FOLLOWS:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Judgment be entered in favor of Plaintiff fringe benefit funds collectively in the amount of $30,197.69.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 2/2/01

BY THE COURT:

David S. Doty
United States District Court Judge